*L. II. Innes,* for plaintiff.

*Henderson, Livesay & Burr,* for defendant.

---

## PROSECUTION OF PHYSICIAN AS AIDER AND ABETTOR UNDER THE BEAL LAW.

[Common Pleas Court of Licking County.]

GEORGE W. GARRISON v. THE STATE OF OHIO.

Decided, March, 1906.

*Liquor Laws—Declaration of Purchaser—Who Had Been Given a Pre-scription for Liquor—Incompetent against Physician, When—Ac-tivity of Mayor in Securing Evidence to Convict—Not a Disquali-fication for Sitting at Trial.*

1. In a prosecution under the Beal law, of a physician as an aider and abettor in the sale of intoxicating liquor in a dry town, in that he gave prescriptions to parties for liquor which was purchased at the drug store, a declaration by the purchaser to the druggist as to what he wanted the liquor for, is incompetent when made in the absence of the physician.

2. The employment by a mayor of detectives to obtain testimony for use in a prosecution for liquor selling, and the payment of such detectives by the mayor for the services so rendered, does not disqualify the mayor from sitting at the trial of the case; nor is he disqualified by opinions he may entertain regarding the offense.

SEWARD, J. (orally).

The case of George W. Garrison v. The State of Ohio is submitted to the court upon a petition in error. There are two cases. The errors complained of are quite numerous. I believe they are the same in each of the cases.

Dr. Garrison was charged with selling intoxicating liquors in a dry town, under the Beal law; and while it is not claimed that the doctor sold the liquors directly, it is claimed that he was

guilty under Section 6804, as an aider and abettor, and therefore is a principal in the offense.

The testimony shows that the doctor gave prescriptions to parties, one in each case, for intoxicating liquors; that the parties went to the drug store and had the prescriptions filled. I believe the testimony shows that it was half a pint in each case. It is claimed that the prescriptions were not given in good faith.

The errors complained of are:

That the mayor erred in the admission of improper and incompetent evidence offered on behalf of the state of Ohio.

That the mayor erred in the exclusion of proper evidence offered by defendant below.

That the mayor erred in overruling the demurrer of defendant below to the affidavit in said case.

That the mayor erred in overruling the request of defendant below for a jury trial of said case. But the Supreme Court has passed upon that, and it is sufficiently well indicated to counsel that it is the law of the state of Ohio.

That the mayor erred in overruling the motion of defendant below for a new trial.

That the mayor was disqualified from trying said case for the reason that he had employed and paid the witnesses on whose testimony alone conviction was had.

That the judgment and sentence of said mayor is against the law of the case.

That the judgment and sentence of said mayor is against the evidence in the case and manifest weight thereof.

That there is no evidence whatever to sustain said judgment and sentence.

That the said mayor was without jurisdiction to try said case by reason of his connection with same before it was put on trial.

That the mayor was without jurisdiction to decide said case on the 19th of December, for the reason that the date of said decision was ten days from the date of the trial of said case and the submission of the same to said mayor for decision.

That the trial of said case before said mayor was not due process of law, and contrary to law of the land.

Other errors apparent upon inspection of the record.

Now, in relation to the admission of improper evidence in this case, the court is confronted with this state of facts, as shown on page 4 of this bill of exceptions.

One of these detectives testified that he·went to the doctor and got a prescription; the prescription was introduced in evidence; that afterwards, he went to the drug store—not with the doctor—the doctor was not along at all, and he gives a conversation between himself and the druggist in the absence of the doctor. Now, that certainly was clearly erroneous, to permit that kind of testimony to go to the court. There is no question about it, and there can not be any question about it, I think. A motion was made to strike it out, and the motion was overruled by the court.

Now, one of the essential points to establish in the case was the sale of this liquor; that the sale was made by the druggist, at the drug store, and the conversation is given there, and that is the only evidence that would tend to hold Dr. Garrison liable or connect him with the case. The testimony was given of the conversation between this druggist and the witness. He says: "I went to the drug store, and handed him the prescription; Mr. Reese asked me what kind I wanted, and I said I wanted the best; I never drink anything but the best; I want something to liven up on." Motion by Mr. Dougherty to rule out the conversation with Reese because Dr. Garrison was not present. Motion overruled and exceptions.

The court thinks this is clearly prejudicial error in these cases.

I do not think there was any error in the exclusion of proper evidence. I do not find that there is any error in the court overruling the demurrer. The affidavit was certainly sufficient under the statute known as the Beal law; and there was no error in overruling the demand of the defendant for a jury trial. The court having passed upon these features of the case in the Schlagel case, will not take up any time in discussing them.

As to the question of the disqualification of the mayor in this case: I think, under the statutes of Ohio, if the mayor would not try it, there could be no trial at all. There is no provision for a change of venue, and no provision for anybody sitting in his place in the statutes of Ohio, so far as the court has been able to determine. It doesn't matter what his opinions were in the matter, or what he had done before, he is not disqualified by the statutes of·Ohio, so far as I am able to determine or. ascertain, and counsel have not furnished the court with any authority. The testimony shows that the mayor ˙furnished his check to pay this detective, but that would not disqualify him from sitting in the case. An affidavit of prejudice was made, but what was he to do with it? What could he do?

It is not necessary to go further in the case. The court finds that there was error in the refusal of the mayor to strike out the testimony of the detectives as to the conversation had out of the presence of the doctor, and the judgments in both cases will be reversed and remanded for a new trial.

By MR. DAUGHERTY: I want exceptions to the order remanding the cases back for new trial.

THE COURT: Very good.

By MR. DAUGHERTY: Because I claim that, by delaying eleven days to decide, the mayor lost jurisdiction of the cases entirely.

THE COURT: Intended to refer to that. While that is the case in civil cases, the court does not find any provision of the statute on that subject in criminal cases, holding that the mayor must decide a case at·once. There is a provision as to civil cases, but whether that applies to criminal cases, I do not say.

*G. C. Daugherty,* for plaintiff in error.

*P. B. Doty* and *J. R. Fitzgibbon,* for defendant in error.